ELLIOTT N. TIOMKIN, ESQ. (SBN 248737)
LAW OFFICES OF ELLIOTT N. TIOMKIN
16133 Ventura Boulevard, Suite 700
Encino, California 91436
(310) 774-1437 telephone
(310) 919-3744 facsimile
etiomkin@gmail.com electronic mail

Attorneys for Plaintiff MYLES RAMSEY

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYLES RAMSEY, | CASE NO. 2:21-cv-03758 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. 42 U.S.C. § 1983 (Individual Liability) |
| CITY OF SANTA ANA; DOES 1-10, | 2. 42 U.S.C. § 1983 (Municipal Liability) |
| Defendants. | REQUEST FOR TRIAL BY JURY |

COME NOW, plaintiff MYLES RAMSEY and for causes of action against defendants, and each of them, allege:

## GENERAL ALLEGATIONS

1. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2. This is a complaint for money damages by plaintiffs arising under United States Code, Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of their rights, privileges and immunities secured by said statutes, and by the Fourth Amendment applicable to defendants through the Fourteenth Amendment to the United States

Constitution. This action arises out of an incident wherein Defendants DOES 1-10, in their official capacity as police officers for the CITY OF SANTA ANA, unlawfully detained and brutally assaulted plaintiff at his home.

3.  At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Los Angeles and the State of California, within the Central District of this Court.

4.  Defendant CITY OF SANTA ANA is and at all times material herein was a public entity duly organized by charter and existing as such in the State of California.

5.  At all times material herein, defendant CITY OF SANTA ANA was responsible for the promulgation and implementation of policies, rules, regulations, and procedures for the Santa Ana Police Department and its officers, including but not limited to, hiring, training, supervision, retraining, discipline and termination.

6.  At all times material herein, Defendants DOES 1-10 were duly appointed, qualified and acting police officers employed as such by defendant CITY OF SANTA ANA's undercover gang enforcement unit and at all times material herein, said defendants were acting in the course and scope of such employment and under color of state law as peace officers.

7.  At all times material herein, defendants DOES 1-10, were acting as employees, agents, and representatives of defendant CITY OF SANTA ANA herein, and within the course and scope of such employment and agency.

**FIRST CAUSE OF ACTION**

**AGAINST DEFENDANTS DOES 1-10 FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)**

8. On May 2, 2019, Plaintiff pulled his vehicle into his driveway, when he was detained at gunpoint by Defendants DOES 1-10.

9. Plaintiff had violated no law and committed no crime. Plaintiff's vehicle was stopped. Plaintiff was unarmed. Defendants DOES 1-10 did not observe any violence, contraband, or weapons. Plaintiff did not resist any orders, used no force and made no threats toward any officer.

10. When Plaintiff stepped out of his car, he was assaulted by the Defendants DOES 1-10. The defendants gave no warnings or orders to plaintiff prior to assaulting him. The deputies proceeded to beat Plaintiff, punching him with their fists and kicking him with shod feet, and choking Plaintiff by his neck.

11. As a result of being assaulted, Plaintiff sustained bruises, contusions, lacerations to his body. Plaintiff was taken to Orange County Global Medical Center in Tustin where he received treatment for his injuries.

12. Plaintiff and his vehicle were searched. Neither weapons, nor contraband, nor evidence of criminal activity were found. No charges were filed against the Plaintiff.

13. No lawful basis existed for Defendants DOES 1-10 to assault Plaintiff. Defendants' assaultive behavior against Plaintiff was entirely unjustified and unreasonable. Defendants DOES 1-10 used excessive force on Plaintiff.

14. Defendants' use of excessive force on Plaintiff, was conducted for the purpose of violating and did violate plaintiff's civil rights, specifically his right to be free of unreasonable searches and seizures, and the deprivation of liberty and property without

due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

15. Defendants' brutal assault on Plaintiff violated Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and caused Plaintiff palpable harm.

26. As a proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has suffered and will continue to suffer physical injury, including exacerbation of his pre-existing injuries, if any, as well as mental pain, fear, anguish, torment, anxiety, humiliation, depression and emotional distress, all proximately resulting in some permanent impairment, disability and damage, according to proof.

17. As a proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has incurred and will continue to incur doctor, medical, psychiatric, pharmaceutical and incidental expenses, according to proof.

18. The aforementioned acts and omissions of Defendants, and each of them, were despicable and outrageous, warranting the imposition of punitive and exemplary damages, as said acts were committed by Defendants knowingly, willfully, and maliciously, and with the intent to oppress Plaintiff because of his assertion of his constitutional rights, or in reckless disregard for Plaintiff's civil rights, and in order to cause his injuries and the loss of his aforesaid constitutional rights. By reason thereof, Plaintiff requests that said Defendants be required to pay damages in an amount sufficient to deter others from such conduct and to make an example of said individual Defendant.

19. By reason of the aforementioned acts and omissions of Defendants, Plaintiff requests payment by defendants of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT CITY OF SANTA ANA FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983 *Monell* Claim)

20. Plaintiff realleges Paragraphs 1 through 19, as though set forth herein verbatim.

21. Defendant CITY OF SANTA ANA at all times material herein was, and now is, a public entity, authorized and existing as such under the laws of the State of California. At all times herein mentioned, CITY OF SANTA ANA possessed the power and authority to enact legislation, adopt policies, prescribe rules and regulations, customs, usages and practices affecting the operation of its Police Department, and particularly said Department's hiring, training, supervision and disciplinary practices, as well as the Department's use of force against civilians, and its continuing failure to objectively and thoroughly investigate crimes committed by its rank and file.

22. At all times material herein, CITY OF SANTA ANA, and employees acting under its direction and control, knowingly and intentionally promulgated, maintained, tolerated, applied and enforced policies, customs, practices and usages in violation of the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages, at all times herein mentioned, required, or at least encouraged, tolerated or ratified, the employment, deployment, and retention of persons as peace officers who are unsuitable due to bias, prejudice and/or a propensity for manifesting violence, cruelty and dishonesty toward and upon all manner of persons with

whom they come into contact in the course of their duties as peace officers, including DOES 1-10.

23. Defendant CITY OF SANTA ANA's Police Department has had a custom, policy, practice, and usage requiring, encouraging, tolerating, or ratifying civil rights violations, including excessive force, violence, and cruelty toward unarmed citizens, bias and prejudice, dishonesty, false police reports, fabrication of evidence and/or probable cause, false arrest and imprisonment, and witness intimidation.

24. Pursuant to said policies, customs, practices and/or usages, defendants Does 1-10 were at all times material herein employed, retained and assigned to duties as peace officers for defendant CITY OF SANTA ANA and, as such, said employees, agents and representatives were acting under the CITY OF SANTA ANA' discretion and control. The CITY OF SANTA ANA knew, or in the exercise of reasonable care should have known, that DOES 1-10 had a propensity for violence, cruelty, dishonesty and unlawfulness and for inflicting upon all manner of persons, including Plaintiff, unreasonable and unnecessary force without a warrant or other legal justification, making false statements and fabricating evidence, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

25. Following their custom and practice, defendant CITY OF SANTA ANA, ratified the misconduct of rogue officers, including DOES 1-10, by, for example, ignoring multiple complaints into the conduct of officers, authoring use of force reports which approved of misconduct, approving false and malicious prosecutions of individuals who suffered excessive force, failing to properly hire, train, discipline, and terminate officers who had violated the civil rights of civilians.

26. Also, in the instant case, defendant CITY OF SANTA ANA ratified the misconduct of DOES 1-10 by, for example, ignoring multiple complaints into the conduct of DOES 1-10, authoring use of force reports which approved of misconduct of DOES 1-10, failing to properly hire, train, disciplipine, and terminate DOES 1-10, and conspiring to and covering up the aforesaid constitutional deprivations which proximately caused the injuries to plaintiff.

27. The custom and practice of defendant CITY OF SANTA ANA proximately caused the aforesaid injuries to Plaintiff, all to his general damages in an amount to be proved at trial.

28. By reason of the aforementioned acts and omissions of defendant CITY OF SANTA ANA, Plaintiff requests payment by defendant CITY OF SANTA ANA of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

**WHEREFORE**, plaintiff, prays for judgment against these defendants and each of them, as follows:

1. For general damages, according to proof;

2. For special damages for medical and related expenses, according to proof;

3. For punitive damages against the individual defendant(s), as allowed by law;

4. For reasonable attorney's fees pursuant to Title 42, United States Code, Section 1988;

5. For plaintiff's costs of suit herein;

6. For such other and further relief as this Court deems just and proper.

Dated: May 3, 2021                    LAW OFFICES OF ELLIOTT N. TIOMKIN

                                      BY    /s/ Elliott N. Tiomkin
                                      _____
                                      ELLIOTT N. TIOMKIN
                                      Attorneys for Plaintiff, Myles Ramsey

### REQUEST FOR TRIAL BY JURY

Plaintiff Myles Ramsey hereby requests a trial by jury of the within action.

DATED: May 3, 2021                              Respectfully submitted,

                                            LAW OFFICES OF ELLIOTT N. TIOMKIN

                                            BY    /s/ Elliott N. Tiomkin
                                                       _____
                                                       ELLIOTT N. TIOMKIN
                                                       Attorneys for Plaintiff, Myles Ramsey