UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                           Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   V.R. Vallery   | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER ON MOTIONS *IN LIMINE* (Docs. 67, 68, 69, 70, 71, 72, 74, 75)**

Before the Court are two motions *in limine* filed by Plaintiff Myles Ramsey and six motions *in limine* filed by Defendants Peter Beaumarchais, Jeremy Reguerin, Ronald Sandoval, Christopher Shynn, David Thai, and the City of Santa Ana.  (Mots., Docs. 70, 67, 68, 69, 70, 71, 72, 74, 75.)  Defendants opposed Ramsey's motions, and Ramsey opposed Defendants' third through sixth motions.  (Opps., Docs. 77, 78, 79, 80, 81, 82.)  Defendants replied to Ramsey's oppositions.  (Replies, Docs. 84, 85, 86, 87.)  The Court heard oral argument on the motions during the Parties' Final Pretrial Conference, held on July 21, 2023.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the parties' motions.

I.   **PLAINTIFF'S MOTIONS IN LIMINE**

A.   **MIL No. 1: Testimony or Evidence Concerning Previous Arrests and Misdemeanor Convictions (Doc. 74)**

Ramsey's motion *in limine* to exclude evidence about previous arrests and misdemeanor convictions is GRANTED.

Ramsey moves to exclude evidence of prior arrests and a misdemeanor conviction as irrelevant and impermissible character evidence.  Defendants argue that prior contact

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                     Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

with law enforcement is relevant to liability, because Ramsey's prior contact with law enforcement informed the reasonableness of his behavior during the incident.  They argue his criminal history is also relevant to his emotional distress damages.  In particular, they argue that an incident in August of 2021 where Ramsey was initially charged with felony evasion of a police officer while driving recklessly, and ultimately pleaded to misdemeanor evasion of a police officer and received a sentence of one-year informal probation, ten days in jail, and $725 in fines, could be the source of Ramsey's emotional distress, rather than the May 2019 encounter with Defendants.  (Doc. 77 at 4.)

     As to Defendants' first argument, the Court finds that Ramsey's prior contact with law enforcement is of negligible probative value to his behavior during the May 2019 incident.  As to the second, courts have sometimes held that section 1983 plaintiffs' prior arrests and convictions are relevant to the issue of emotional distress damages.  *See, e.g.*, *Brooks v. Haggett*, No. 07-2615, 2010 WL 4226693, at *8 (N.D. Cal. Oct. 21, 2010). Here, there is no indication that the 2021 arrest was similar in any way to the May 2019 incident.  *See Monroe v. Griffin*, No. 14 -00795, 2015 WL 5258115, at *2 (N.D. Cal. Sept. 9, 2015) ("[C]ourts have . . . recognized that prior arrests and incarcerations may only be admitted for the purpose of countering a section 1983 plaintiff's emotional distress damages claim where they are substantially similar to those at issue, and where the court conducts a prejudice analysis under Rule 403").  It also took place over two years after the incident in this case.  The cases Defendants rely on in their Opposition involve plaintiffs with lengthy incarcerations, *see, e.g.*, *Green v. Baca*, 226 F.R.D. 624, 657 (C.D. Cal. 2005) ("[T]he fact that plaintiff has been incarcerated on a number of prior occasions, and the length of those periods of incarceration, is relevant to the jury's consideration of the damages he is entitled to recover in this case") or numerous violent encounters with police, *see, e.g.*, *Morris v. Long*, No. 08-01422, 2012 WL 1498889, at *3 (E.D. Cal. Apr. 27, 2012) (admitting evidence that "Plaintiff had been arrested on multiple occasions before and after the incident some of which included physical confrontations with law enforcement"), neither of which is in play here.  The Court finds

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                          Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al
_____

that any limited relevance Ramsey's criminal history may have to the issues at hand is substantially outweighed by the risk of unfair prejudice.  *See* Fed. R. Evid. 403.

   **B.     MIL No. 2: Testimony or Evidence Concerning Statements, Facts, and
            Circumstances Unknown to Defendants at the Time of the Incident
            (Doc. 75)**

      Ramsey's motion *in limine* to exclude evidence concerning statements, facts, and circumstances unknown to Defendants at the time of the incident is GRANTED IN PART.

      Ramsey seeks to exclude "statements from Plaintiff or learned facts or circumstances after the incident about Plaintiff's participation in competitive sports, his fitness, strength, or endurance, his feelings toward the defendants after the use of force, [and] his vehicle registration status."  (Doc. 75 at 4.)  Defendants argue that the after-acquired evidence Ramsey seeks to exclude is relevant because (1) that Ramsey played competitive sports "confirms Officer Beaumarchais' perception of plaintiff and potential officer safety risks"; (2) statements Ramsey made after the incident, including "Man fuck the police, remember state wrestler homie!" are relevant to whether or not he was resisting; and (3) Ramsey's registration status is relevant to Defendants' justification for initiating a traffic stop, because they contend that he turned without signaling, but Ramsey argues he did not engage in any moving violations, and prior to pulling his vehicle over, Defendants learned that his vehicle had expired tags.  (Doc. 78 at 4-5.)

      "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The relevant evidence here is thus what was known to Defendants at the time of the incident.  Later-acquired evidence can be admissible where it is probative of the truth of one of the parties' accounts of the interaction.  *See, e.g.*, *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir. 2009) (finding no error in admitting, inter alia, evidence that decedent was using drugs at the time he was shot by police, as it tended to show the truth of the officers' assertions that

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                         Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

he was acting erratically and taunting police to shoot him instead of following commands).  Here, however, some of the evidence Defendants seek to admit has little to no probative value.  Evidence that Ramsey played competitive sports is not probative of Officer Beaumarchais's perception of him; the jury will have the opportunity to view body camera footage of the interaction that will permit them to see what Ramsey looked like on the day of the incident.

However, as for Ramsey's expired vehicle registration, it is probative as to whether Defendants had probable cause to stop Ramsey and is therefore admissible. Ramsey's statement after the incident "Man fuck the police, remember state wrestler homie!" could support the inference that he was fighting off Defendants and is therefore admissible as well.

## II.      **DEFENDANTS' MOTIONS IN LIMINE**

### A.      **MIL No. 1: Preclude Plaintiff from Offering any Expert Opinion or Testimony (Doc. 67)**

Defendants' unopposed motion *in limine* to preclude Ramsey from offering any expert opinion or testimony is GRANTED.

### B.      **MIL No. 2: Evidence or Reference to Allegations of Any Other Incidents of Alleged Police Misconduct (Doc. 68)**

The Court GRANTS Defendants' unopposed motion *in limine* to exclude evidence or reference to allegations of any other incidents of alleged police misconduct by Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                           Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

**C.     MIL No. 3: Evidence Offered for the Sole Purpose of Appealing to the Sympathy of the Jury (Doc. 69)**

Defendants' motion *in limine* to exclude evidence offered for the sole purpose of appealing to the sympathy of the jury is DENIED.

Defendants seek an order precluding the use of "golden rule" arguments – arguments that ask the jury to place itself in the plaintiff's shoes in awarding damages – and "reptile theory" arguments.  However, they do not set forth any particular arguments they anticipate Ramsey will make.  If necessary, the Court will rule on this issue at trial.

**D.     MIL No. 4: Reference to the Restraint as a "Chokehold" (Doc. 70)**

Defendants' Motion *in limine* to exclude reference to the restraint Defendants used on Ramsey as a "chokehold" is DENIED.

Defendants seek to preclude use of the term "chokehold" to describe the holds Defendants used on Ramsey, which they argue are properly referred to as carotid restraints or carotid holds.  (Doc. 70.)  They argue that the term "chokehold" is inflammatory and will confuse the jury, because a carotid hold does not interrupt breathing or restrict airways, but rather causes unconsciousness by restricting blood flow through the carotid artery, cutting off supplies of oxygenated blood to the brain.  (*Id.* at 4-5.)  The Court finds little risk of confusion from this widely-used colloquial term, *see Tuuamalemalo v. Greene*, 946 F. 3d 471, 475 (9th Cir. 2019) (using "chokehold" throughout opinion to refer to a hold that "restricts the flow of blood to the brain rather than restricting airflow"), and Defendants can present evidence about carotid holds to mitigate any such confusion.

**E.     MIL No. 5: Evidence or Reference to California Assembly Bill 1196 (Doc. 71)**

Defendants' motion *in limine* to exclude reference to California Assembly Bill 1196 is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                              Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

Defendants seek to exclude evidence regarding California Assembly Bill 1196, signed into law on September 30, 2020, which precludes law enforcement in California from using carotid restraints.  (Doc. 71.)  Defendants argue that this law is irrelevant, as it was passed after the incident in this case, should be excluded as a post-incident remedial measure, and is substantially more prejudicial than probative.  While the Court finds that this bill is not a subsequent remedial measure subject to exclusion under Rule 407, *see In re Aircrash in Bali, Indonesia*, 871 F.2d 812, 817 (9th Cir. 1989) ("The purpose of Rule 407 is not implicated in cases involving subsequent measures in which the defendant did not voluntarily participate"), the Court agrees that this law is not relevant as to whether Defendants used excessive force.  Nor has Plaintiff sufficiently shown that the later-passed law could have factored into the City's earlier decisions as to its carotid hold policies.  Ramsey argues that the bill is merely a "codification of existing policy and practice which has shown the carotid hold to be unnecessary deadly force," but this argument does not establish the relevance of the bill itself.  (Doc. 80.)  Accordingly, the evidence lacks relevance and poses a substantial risk of confusing the jury and confusing the issues in the case.  However, Ramsey may present evidence of policies and training in place at the time of the incident and information known to decision makers prior to the May 2019 incident.

### F.     MIL No. 6: Improper Opinions from Plaintiff's Police Expert Roger Clark (Doc. 72)

Defendants' motion *in limine* to exclude improper opinions from Ramsey's police expert Roger Clark is GRANTED IN PART.

Defendants seek to exclude four categories of evidence they anticipate Clark will offer: (1) opinions on the reasonableness of the use of force; (2) opinions that Defendants nearly strangled Ramsey and that Ramsey was engaging in constitutionally protected speech; (3) "speculative" opinions, where he opines that Defendants filed false and misleading police reports, and where he offers explanations for Ramsey's behavior; and (4) "misleading opinions" that Ramsey did not pose a "credible threat", that the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                    Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

investigation was not "competent", and that the use of multiple chokeholds on Ramsey was "gratuitous."  (Doc. 72.)

Plaintiffs agree that Clark will follow the rules of evidence in testifying, including not opining on ultimate legal issues in the case.  Clark is qualified to testify about the reasonableness or excessiveness of Defendants' use of force, but may only do so in a hypothetical manner to "avoid invading the province of the jury."  *Valtierra v. City of L.A.*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. Apr. 13, 2015).  As for Clark's reference to Defendants' "near strangulation/asphyxiation" of Ramsey and Ramsey's "constitutionally protected speech," Clark is not qualified to offer medical opinions or opinions on First Amendment protections.  These statements are excluded.

Clark made several statements in his expert report opining as to Ramsey's motivation for why he took certain actions.  These statements are: "Upon noticing that he was being pulled over, Mr. Ramsey decided it was safest for him, given the narrow roads, to proceed the short distance to his residence and pull to a stop in his driveway" and "In the statements after he pulled his vehicle into his driveway, Mr. Ramsey, in an attempt to convey to the Officers that he was unarmed and not a threat, climbed out of his driver's side window, because he knew that the door was not functional, and that they would require him to exit his vehicle."  (Doc. 72-1 at 5-6.)  These statements are excluded, as they are not within the scope of Clark's expertise and Ramsey can testify about his own motivations if he wishes to introduce such evidence.  As for Clark's opinion that Defendants "appear to have filed false and misleading police reports" because the use of force was not justified, the Court defers ruling on the admissibility of this evidence until trial.

Finally, Clark's statements that Ramsey did not pose a "credible threat," that the investigation was not "competent," and that the use of multiple carotid holds was "gratuitous" are admissible opinion testimony.  Any confusion as to whether Clark is articulating a legal standard will be dispelled by the Court's instructions to the jury as to the correct legal standard for decision making.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00825-JLS-KES                    Date: July 24, 2023
Title:  Myles Ramsey v. City of Santa Ana, et al

Initials of Deputy Clerk: vrv

_____

**CIVIL MINUTES – GENERAL**                                **8**